David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

John B. Berryhill, Esq. (PA Bar # 83911; *Pro Hac Vice Application Pending*)
**John B. Berryhill LLC**
1300 MacDade Blvd., Suite 1
Folsom, PA 19033
(610) 565-5601 (voice/fax)
john@johnberryhill.com

Attorneys for Plaintiff
Domdevelo OÜ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Domdevelo OÜ,<br>An Estonian Limited Company,<br><br>    Plaintiff,<br><br>v.<br><br>Foris Limited,<br>A Hong Kong Limited Company,<br><br>    Defendant. | Case No._____<br><br>**COMPLAINT FOR:**<br>**1.) DECLARATORY RELIEF LANHAM ACT, 15 U.S.C. §1114(2)(D)(iv) and §1125 (a) and**<br>**2.) REVERSE DOMAIN NAME HIJACKING ANTICYBERSQUATTING CONSUMER PROTECTION ACT,**<br>**15 U.S.C. § 1114(2)(D)(v) and §1125(d)** |

For its Complaint, Plaintiff Domdevelo OÜ ("Domdevelo") alleges as follows:

**NATURE OF THE CONTROVERSY/JUDISCTION/VENUE**

1. This is a civil action for Declaratory Judgment under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a); and reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v), concerning the internet Domain Name, Cripto.com, registered and maintained in this Judicial District under a contract with non-party GoDaddy.com, LLC of Tempe, Arizona.

2. This Court has personal jurisdiction over Defendant as it consented to jurisdiction by this court in selecting "Registrar" as "Mutual Jurisdiction" for resolution of this matter, in a Complaint filed with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN), and made effective as to the Domain Name in a registration contract with GoDaddy.com, LLC of Tempe, Arizona.

3. Venue in this Court exists as the office of the Registrar of the domain name, GoDaddy.com, LLC. is located in Tempe, Maricopa County, Arizona, and, pursuant to 28 U.S.C. § 1391(b)(1) and (c), as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

**PARTIES**

4. Plaintiff, Domdevelo OÜ, is an Estonian Osaühing, or limited company its office at Zemnieku 40 Rezekne, Latvia.

5. On information and belief, Defendant, Foris Limited ("Foris"), is a Hong Kong Limited Company, having an office at Unit 1506-07, 15/F, Pacific Plaza 410 Des Voeux Road West Sai Wan Hong Kong.

**NATURE OF THE CONTROVERY**

6. This is an action for Declaratory Judgment and certain other statutory remedies under the Trademark laws of the United States and the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d). The Plaintiff is the registrant of the internet domain name Cripto.com. The domain name has been "locked" by the registrar, GoDaddy.com, LLC, as an intended result of the actions of Defendant, as the Defendant seeks transfer of the benefits of the registration contract of the domain name. In particular, the Defendant has invoked a dispute provision of the registration contract with GoDaddy.com LLC claiming trademark rights with respect to Plaintiff's registration of the domain name Cripto.com. The Plaintiff seeks a determination by this court that the

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

Plaintiff's registration and/or use of Cripto.com is not an infringement, a threat of dilution of Defendant's claimed trademark rights nor a violation of the ACPA.

## FACTS COMMON TO ALL CLAIMS

7. This case involves "reverse domain name hijacking," which occurs when an individual or an entity may allege that it is the owner of a trademark and assert spurious claims of trademark infringement and trademark dilution against the owner of a domain name whose chosen domain name is allegedly similar or identical to the trademark. Defendant is attempting to wrest control of Plaintiff's domain name by asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

8. Plaintiff is organized under the laws of Estonia and chartered to conduct business relating to "activities of web portals".

9. In the course of its business, Plaintiff acquires and uses for business purposes, various generic domain names as and when they become available, for development, leasing, resale or other services.

10. For example, Plaintiff owns and has developed a Polish-language online games site at Gry.io (where "Gry" is Polish for "games"). Plaintiff has also acquired for future development or sale, such domain names as Check.id, TraderView.com, CryptoAlert.ai, and CryptoFree.com, which have commercial utility due to the generic, dictionary-word terms embodied within them.

11. The disputed domain name Cripto.com was first registered on September 23, 2002.

12. Plaintiff purchased the disputed domain name through an online domain name marketplace administered in this judicial district by GoDaddy.com LLC at a total cost of US $74,976 dollars on November 24, 2021, constituting a price of $62,480 and an applicable value-added tax assessed by GoDaddy amounting to $12,496.00.

13. The word "Cripto" is Italian for the element Krypton and is the first-person singular present indicative form of criptare – "to encrypt".

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

14. As a prefix "Cripto-" is the correct spelling, and has the same meaning as prefix "crypto-" used in English, in Catalan, Galician, Italian, Portuguese, Spanish, and other languages deriving the same root term from the Ancient Greek κρυπτός (kruptós, "hidden, secret").

15. Having the same generic meanings as the root "crypto-" in various languages, the term "crypto-" and the corresponding internet domain name cripto.com has wide commercial applicability and prospective value for a wide variety of applications derived from its generic meaning in many languages.

16. On March 08, 2024 Plaintiff filed with the United States Patent and Trademark Office ("USPTO"), US Application Serial No. 98/440,552 for registration of the service mark "CRIPTO.COM" for "Entertainment services, namely, casino gaming; Entertainment services, namely, providing a website for on-line gambling; Gambling services; Online gaming services in the nature of casino gambling; Providing online computer games".

17. On information and belief, Defendant conducts no entertainment services in the nature of a website for on-line gambling, Gambling services, online gaming services in the nature of casino gambling, or providing online computer games.

18. In November 2024, pursuant to Plaintiff's contract with GoDaddy.com LLC, Defendant filed a Complaint thereby initiating an administrative dispute proceeding in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") against the Plaintiff for the domain name Cripto.com. On notice of Defendant's Complaint, and as result intended by the Defendant, the registrar of the domain name, GoDaddy.com LLC "locked" the domain name, thereby prohibiting Plaintiff from utilizing the domain name in accordance with the uses typically enjoyed by a registrant of a domain name.

19. As of the date of the filing of this complaint, the domain name continues to be "locked" pending the UDRP decision.

20. In the UDRP Complaint, the Defendant admits its objective is to obtain control of the Cripto.com domain name which is the subject of a registration agreement with registrar GoDaddy.com in this judicial district

21. In the UDRP Complaint, the Defendant falsely alleges:

> "*The Complainant owns a large international trademark portfolio for its CRYPTO.COM marks, including, but not limited to:*
> *[…]*
> *United States of America trademark registration number 7251243, registered on 26 December 2023;*
> *United States of America trademark registration number 7227026, registered on 28 November 2023*"

22. The "United States of America trademark registration" numbers referenced in Defendant's UDRP Complaint are application numbers which matured into trademark registrations which are not, in fact, owned by the Defendant and have never been owned by the Defendant.

23. The US trademark registrations (US TM Reg. Nos. 7,227,026 and 7,251,243) asserted by the Defendant in the UDRP Complaint are registered by the United States Patent and Trademark Office to a Foris Technology Pte Ltd, a Singapore limited company who is not a party to the UDRP Proceeding or this Action.

24. The US trademark registrations asserted, but not owned, by the Defendant in the UDRP Complaint were accorded the following effective filing dates and registered in the US on:

| US TM Reg. | Filed | Registered |
|---|---|---|
| 7,227,026 | May 17, 2022 | Nov. 28, 2023 |
| 7,251,243 | Jan. 31, 2022 | Dec. 26, 2023 |

25. The US trademark registrations asserted, but not owned by, Defendant, were each registered more than two years junior to Defendant's acquisition of the domain name Cripto.com in November 2021, and more than twenty three years junior to registration of the domain name in September 2000.

5

26. During prosecution of the trademark registrations asserted, but not owned by, Defendant, the USPTO initially required disclaimer of the "crypto.com" textual component as merely descriptive. In responses filed in June and July 2023 in each application, the applicant thereof alleged that the "crypto.com" component had, as of those dates, become distinctive under Section 2(f) of the Lanham Act, and the registrations subsequently issued as what is referred to as "2(f) in part" with respect to the "crypto.com" textual component.

27. The claims of acquired distinctiveness in the asserted US trademark registrations are junior to registration of the domain name, and also to Plaintiff's acquisition of the domain name.

28. The US trademark registrations asserted, but not owned, by the Defendant in the UDRP Complaint are each for the combined graphical and text logo:



29. Plaintiff does not and has not used the mark shown in the asserted US trademark registration, or any colorable imitation thereof, in connection with Plaintiff's registration and use of the domain name Cripto.com.

30. In addition to the combined graphical and text logo, the owner thereof has filed US TM Application Serial No. 98/428,205 for the purely textual mark "CRYPTO.COM".

31. As of November 11, 2024, US TM Application Serial No. 98/428,205 for the purely textual mark "CRYPTO.COM" has been **refused** by the USPTO in an Official Action stating:

> *"Ultimately, when purchasers encounter applicant's goods and services in connection with the proposed mark CRYPTO.COM, they will immediately understand the mark merely as describing a feature of the goods and services. Therefore, the applied-for mark is merely descriptive, and registration is refused pursuant to Section 2(e)(1) of the Trademark Act."*

32. While the Defendant does not own any of the trademark registrations or application noted above, the Defendant had previously filed US Application No. 88/026,072 for the logo:



33. The Defendant's registration attempt was refused by the USPTO in an Official Action stating:

> "Applicant must disclaim the wording "CRYPTO.COM" because it merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services, and thus is an unregistrable component of the mark."

34. The Defendant further owns various pending, unregistered applications relating to various claims in the phrase "CRYPTO.COM ARENA" in relation to sponsorship of a sports venue in Los Angeles, California.

35. Plaintiff does not and has not used "CRYPTO.COM ARENA", or any colorable imitation thereof, in connection with Plaintiff's registration and use of the domain name Cripto.com, and Plaintiff is not engaged in the operation or sponsorship of a sports arena.

36. Plaintiff reasonably believes its registration and use of the domain name is lawful under the Lanham Act and under the Anti-Cybersquatting Consumer Protection Act.

37. At no time, did the Plaintiff register or use the domain name Cripto.com in "Bad Faith" as defined by 15 U.S.C. §1125.

38. Due to the lock imposed by the registrar in this judicial district, and the imminent threat of transfer of the domain name to the Defendants, Plaintiff has brought this action for a determination under 15 U.S.C. §1114(2).

39. This Court has subject matter jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of Cripto.com in this judicial district is lawful under the ACPA and the Lanham Act.

40. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's registration and use of the term Cripto.com as its domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

41. At all times, Plaintiff utilized the domain name in a bona fide manner for bona fide purposes.

42. Plaintiff has not had any intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

43. Plaintiff has not provided material and misleading false contact information when applying for the registration of the domain name. Plaintiff did not fail to maintain accurate contact information with respect to the domain name in question or with respect to any other domain name.

44. Plaintiff's use of Cripto.com is a fair or otherwise lawful use of the term.

45. Because of the actions of Defendant, and its claims of trademark infringement and dilution, Plaintiff faces losing valuable rights in its Internet domain name.

8

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**
**Lanham Act, 15 U.S.C. §§ 1114(2)(D)(v) & 1125(a)**

46. Plaintiff incorporates by reference the factual allegations set forth in Paragraphs 7 through 45 above.

47. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant, including the reactivation of the domain name. 15 U.S.C.§ 1114(2)(D)(v).

48. Section 1114(2)(D)(v) provides a registrant who is threatened with the loss of its domain name under the UDRP with a cause of action for an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

49. In its UDRP Complaint, Defendant has falsely asserted ownership of US trademark registrations which Defendant does not, in fact, own.

50. In its UDRP Complaint, the Defendant certified the Complaint to be "complete" in relation to material facts. Nonetheless, the Defendant did not mention its own attempt to register a "CRYPTO.COM" trademark with the USPTO, which was refused by the USPTO as merely descriptive, and abandoned. The Defendant further omitted mention of the USPTO refusal of a further non-graphical "CRYPTO.COM" filed by the non-party entity Fortis Technology Pte Ltd.. The Defendant's certification of the UDRP Complaint as "complete" was false.

51. Defendant did not possess trade or service mark rights under the Lanham Act at the time of registration of the domain name.

52. The domain name Cripto.com was not registered, nor acquired by the Plaintiff, with the bad faith intent to profit from the goodwill of defendant.

9

53. Plaintiff is entitled to have the unencumbered and lawful registration and use of the domain name Cripto.com and to have the domain name reactivated and to have any and all suspensions or transfers terminated and prohibited.

54. Unless this Court issues a Judgment that Plaintiff is entitled to maintain registration of its Domain Name, Cripto.com, the threatened transfer of the Domain Name to Defendant will damage Plaintiff irreparably. Plaintiff has no adequate remedy at law.

55. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Plaintiff is thus entitled to an award of attorney's fees and costs.

56. Alternately, Plaintiff is entitled to elect statutory damages instead of actual damages and profits, pursuant to 15 U.S.C. §1117 (d).

## SECOND CLAIM FOR RELIEF
### Anticybersquatting Consumer Protection Act (ACPA)
### 15 U.S.C. § 1125(d) and § 1114(2)(D)

57. Plaintiff incorporates by reference the factual allegations set forth in Paragraphs 7 through 45 above.

58. 15 U.S.C. § 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

59. In its UDRP Complaint, the Defendant has made knowing and material misrepresentations that it owns trademark rights to which the domain name is identical to or confusingly similar. Defendant does not, in fact, own the US trademark registrations asserted in the UDRP Complaint.

60. Section 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not

unlawful under this Act." Under this section, a "court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name back to the domain name registrant."

61.     Plaintiff's registration and use of the domain Name Cripto.com was not unlawful under Title 15, United States Code, § 1114(2)(D)(v) or §1125(d).

**WHEREFORE**, Plaintiff Domdevelo OÜ prays for judgment against Defendant as follows:

A.     For a declaration by the Court, that Defendants has no trademark rights in the domain name Cripto.com that are subject to protection in the United States;

B.     For a declaration by the Court, pursuant to 15 U.S.C. § 1114(2)(D)(iv)(v), Plaintiff is entitled to registration, ownership and use of the domain name Cripto.com;

C.     For a declaration by the Court, pursuant to 28 U.S.C. § 2201, Plaintiff's registration of the Domain Name Cripto.com is lawful and does not infringe on any trade or service mark right the Defendant may claim in the United States;

D.     For a declaration by the Court that Defendant has attempted unlawfully to interfere with Plaintiff's rights and expectations under its domain name registration.

E.     Damages according to proof at trial;

G.     Cost and expenses, including costs under 15 U.S.C. § 1114(2)(D)(iv)-(v) and reasonable attorneys fees; and

H.     For such other and further relief as this Court deems just and proper.

DATED: December 20, 2024.

                **GINGRAS LAW OFFICE, PLLC**

                David S. Gingras, Esq.
                Attorney for Plaintiff
                Domdevelo OÜ

**JURY DEMAND**

Demand for Jury Trial Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues so triable.