David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

John B. Berryhill, Esq. (PA Bar # 83911; *Pro Hac Vice Application Pending*)
**John B. Berryhill LLC**
1300 MacDade Blvd., Suite 1
Folsom, PA 19033
(610) 565-5601 (voice/fax)
john@johnberryhill.com

Attorneys for Plaintiff
Domdevelo OÜ

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Domdevelo OÜ,<br>An Estonian Limited Company,<br><br>    Plaintiff,<br><br>v.<br><br>Foris Limited,<br>A Hong Kong Limited Company,<br><br>    Defendant. | Case No. 24-cv-3667-JZB<br><br>**NOTICE RE: NON-APPLICABILITY OF FORM AO120 - REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK** |

On December 23, 2024 this Court issued a standard minute order (Doc. 6) requesting that Plaintiff Domdevelo OÜ, submit Form AO120 relating to the filing of an action regarding a patent or trademark. In its order, the Court required Plaintiff to either file a Form AO120, *or* submit a notice explaining why the form is not necessary.

1   In response, Plaintiff files the following notice. Form AO120 is not required in this action because the mark(s) at issue in this case is/are not registered with the United States Patent & Trademark Office (USPTO).

Form AO121 is required to help the Clerk of Court comply with the requirements of 15 U.S.C. § 1116(c) which provides, in relevant part:

> **(c) Notice to Director**
>
> It shall be the duty of the clerks of such courts within one month after the filing of any action, suit, or proceeding involving **a mark registered** under the provisions of this chapter to give notice thereof in writing to the Director setting forth in order so far as known the names and addresses of the litigants and the designating **number or numbers of the registration or registrations** upon which the action, suit, or proceeding has been brought …. (emphasis added).

Here, this case involves claims brought under 15 U.S.C. § 1125(d), also known as the "Anti-cybersquatting Consumer Protection Act" or "ACPA". The ACPA applies to protect both "federally-registered marks and unregistered marks." *ICON Health & Fitness Inc. v. pro-form.com*, 2017 WL 4797794, at *4 (D. Ariz. Sept. 12, 2017) (emphasis added) (citing extensive authority).

In short, this case involves claims arising under the Lanham Act (the ACPA), but it does not involve any federally-registered marks owned by Defendant Foris Limited. Accordingly, the Clerk of Court is not required by 15 U.S.C. § 1116(c) to give any notice to the USPTO relating to this action as it relates to an unregistered mark. For that reason, Form AO120 (which simply requests the registration numbers of Plaintiff's marks) is not required in this case.

DATED: December 30, 2024.

GINGRAS LAW OFFICE, PLLC

*/s/ David S. Gingras*

David S. Gingras, Esq.
Attorney for Plaintiff
Domdevelo OÜ

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
Phoenix, AZ 85044